IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TEAMSTERS AND EMPLOYERS WELFARE TRUST OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| FOUNDATION BUILDING MATERIALS LLC d/b/a FBM GYPSUM SUPPLY OF ILLINOIS LLC | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES, Plaintiff, TEAMSTERS AND EMPLOYERS WELFARE TRUST OF ILLINOIS, by their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, FOUNDATION BUILDING MATERIALS LLC d/b/a FBM GYPSUM SUPPLY OF ILLINOIS LLC and allege as follows:

## COUNT I
## DELINQUENT CONTRIBUTIONS

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq*. ("LMRA").

2. Plaintiff, Teamsters And Employers Welfare Trust Of Illinois, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of a trust agreement, as amended and restated from time to time. (A copy of the Trust Agreement is attached hereto as Exhibit A).

3. The Teamsters and Employers Welfare Trust of Illinois receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

4. Federal District Courts have jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

5. Venue is proper in this action in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6. The business address for Defendant is Urbana, Illinois.

7. Defendant is in Champaign County, Illinois, which is located within the venue of the District Court for the Central District of Illinois.

8. Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

9. Defendant employs individuals who are members of, and represented by, Chauffeurs, Teamsters, Warehousemen, and Helpers.

10. Defendant employs individuals who are participants in the employee benefit fund administered by Plaintiff, Teamsters And Employers Welfare Trust Of Illinois, pursuant to a collective bargaining agreement to which Defendant is a party or otherwise bound. (Exhibit B).

11. The collective bargaining agreement binds the Defendant to the provisions of the Plaintiff's trust agreement.

12. Pursuant to the collective bargaining agreement and the trust agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the contributions and other amounts required under the collective bargaining agreement to Plaintiff.

13. Pursuant to §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement. (*See* 29 U.S.C. §1145).

14. Defendant reported hours worked by its employees during the time of September 2019 through March 2021, who performed work under the collective bargaining agreement for which contributions are owed to Plaintiff.

15. Defendant reported hours and paid worked by its employees during the time of September 2019 through March 2021 at the rate of $285.00 per week.

16. The Collective Bargaining Agreement requires the Defendant to report and pay hours worked by its employees at the following rates:

> Effective retroactive to September 1, 2019 - $338.00 per week
>
> Effective retroactive to September 1, 2019 - $368.00 per week
>
> Effective retroactive to September 1, 2019 - $394.00 per week
>
> (Exhibit 2, p. 10).

17. Pursuant to Defendant's reports, Plaintiff has determined that Defendant owes Plaintiff contributions of $72,842.00 for known hours of work performed by Defendant's employees during the time of September 2019 through March 2021.

18. Pursuant to the terms of the collective bargaining agreement and trust agreement, Defendant owes Plaintiff late fees equal to 10% of the amount of contributions that are not paid timely.

19. Defendant owes Plaintiff $7,284.20 (10% of the contributions that were not timely paid) for contributions owed during the time of September 2019 through March 2021.

20. Plaintiff has demanded that Defendant pay to Plaintiff the contributions and all

other amounts owed, but Defendant has refused or otherwise failed to pay to Plaintiff the contributions and all other amounts owed.

21. Pursuant to the terms of the collective bargaining agreement and trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions.

22. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *       *       *
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the

court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A.      That judgment is entered in favor of Plaintiff, TEAMSTERS AND EMPLOYERS WELFARE TRUST OF ILLINOIS, and against FOUNDATION BUILDING MATERIALS LLC d/b/a FBM GYPSUM SUPPLY OF ILLINOIS LLC in the sum of $80,126.20.

B.      That FOUNDATION BUILDING MATERIALS LLC d/b/a FBM GYPSUM SUPPLY OF ILLINOIS LLC is ordered to pay to the Plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2)).

C.      That FOUNDATION BUILDING MATERIALS LLC d/b/a FBM GYPSUM SUPPLY OF ILLINOIS LLC is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings.

D.      That Plaintiff is awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

TEAMSTERS AND EMPLOYERS WELFARE TRUST OF ILLINOIS

s/ Jacob A. Blickhan
JACOB A. BLICKHAN
CAVANAGH & O'HARA LLP
Attorneys for Plaintiff
2319 West Jefferson
Springfield, IL 62702
Telephone (217) 544-1771
Facsimile (217) 544-9894

jacobblickhan@cavanagh-ohara.com