E-FILED
Thursday, 08 September, 2022  02:04:12 PM
Clerk, U.S. District Court, ILCD

RESTATED AGREEMENT

AND DECLARATION OF TRUST

FOR THE

TEAMSTERS & EMPLOYERS WELFARE TRUST OF ILLINOIS

EXHIBIT

A

## TABLE OF CONTENTS

<u>Article</u>                                                    <u>Page</u>

ARTICLE I — Definitions.................................. 4

ARTICLE II — Creation and Purposes of Fund............... 8

ARTICLE III - Board of Trustees......................... 9

ARTICLE IV - Contributions and Collections..............17

ARTICLE V — Use of Fund.................................23

ARTICLE VI - Controversies and Disputes.................39

ARTICLE VII — Beneficial Rights.........................41

ARTICLE VIII — Termination of Trust.....................43

ARTICLE IX — Miscellaneous..............................45

SIGNATURE PAGE..........................................52

RESTATED AGREEMENT AND DECLARATION OF TRUST
TEAMSTERS & EMPLOYERS WELFARE TRUST OF ILLINOIS

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust, effective May 1, 1970 and Restated February 24, 1987, by and between certain Employer groups, and their successors, and other participating employers, hereinafter referred to as the "Employer group", and the Chauffeurs & Helpers of Local Union 279, 525 and 627, and its successors, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, and other participating Local Unions, hereinafter referred to as the "Union", and certain individual Trustees, which Agreement created a health and welfare fund as therein provided; and

WHEREAS, said Agreement and Declaration of Trust has heretofore been restated and amended; and

WHEREAS, under Article VI of said Agreement and Declaration of Trust, the Trustees, with the consent and approval of the Union and the Employer group, have the power and authority to amend such Agreement and Declaration of Trust from time to time as therein provided; and

WHEREAS, it is determined to be desirable to amend said Restated Agreement and Declaration of Trust and to further restate the same so as to incorporate therein all of the amendments adopted heretofore or as part of this restatement;

NOW, THEREFORE, the Trustees, designated and in office, as such, have executed this Restated Agreement and Declaration of Trust as indicating their acceptance of the respective duties imposed upon

1

them as Trustees under the terms of this Agreement, and the Employer group and the Union have caused this Agreement to be executed by their respective officers duly authorized, as indicating their consent, approval and acceptance thereof, to read as follows:

WHEREAS, various employers have entered into collective bargaining agreements with various teamster local unions affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America which local unions are members of the teamsters; and

WHEREAS, various other employers or employer associations have entered into, or will from time to time hereafter enter into, collective bargaining agreements with other teamster local unions affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America on behalf of employees represented by them, all of which collective bargaining agreements provide, among other things, for the payment, by said employers, to the Trustees of this Trust Fund, known as the Teamsters & Employers WElfare Trust of Illinois, of hourly contributions for health and welfare purposes as set forth in said collective bargaining agreements; and

WHEREAS, the sums payable to the Fund as aforesaid are for the purposes of providing health and welfare benefits as now are or may hereafter be authorized or permitted by law for eligible employees, their families and dependents, as determined hereunder; and

WHEREAS, the Trustees have been duly appointed in accordance

2

with the provisions of this Agreement;

NOW, THEREFORE, in consideration of the premises and mutual covenants and agreements herein contained, it is hereby agreed as follows:

ARTICLE I

DEFINITIONS

Section 1.1  Employer.  The term "Employer" as used herein
shall mean:

The Employer and their Employees for whom said Employers
may make contributions for the purpose of qualifying such employees
as participants in the Trust and in the Plan or Plans which it
formulates and administers shall be limited to the following:

(A)  Employers who are signatory to this trust agreement and
     who have written collective bargaining agreements with
     Teamsters Locals 279, 525 and/or 627 requiring
     contributions to this Trust.

(B)  Other employers having written collective bargaining
     agreements with Teamster Locals 279, 525, and/or 627
     requiring contributions to this trust, and who agree in
     writing to recognize and abide by this trust agreement.

(C)  Employers in (A) and (B) for their employees who are not
     represented for purposes of collective bargaining by
     Teamster Locals 279, 525 or 627, and who agree in
     writing to make contributions to this trust on behalf of
     such employees, under a formula which is the same or
     substantially the same as that set out in the collective
     bargaining agreements referred to in (A) and (B).

(D)  Employers having written collective bargaining
     agreements with other local unions affiliated with
     Teamsters Joint Council No. 65 which require
     contributions to this Trust, and which employers and
     which other local unions agree in writing to recognize
     and abide by this trust agreement.

(E)  Employers in (D) for their employees who are not
     represented for purposes of collective bargaining by any
     of said Teamster local unions, and who agree in writing
     to make contributions to this trust on behalf of such
     employees under a formula which is the same or
     substantially the same as that set out in the collective
     bargaining agreements referred to in (D).

Provided, however, that coverage of any employees described
in (D) and (E) above shall be subject to acceptance thereof by the

4

Trustees, and upon such terms and conditions as such Trustees may prescribe.

Section 1.2  Local Union or Union.  The term "Local Union" or "Union", as used herein, shall mean Teamster Local Unions 279, 525 and 627 and any other teamsters local unions affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America.

Section 1.3  Employee.  The term "Employee" as used herein shall mean:

(a)  Any employee represented by the Union and working for an Employer as defined herein, and with respect to whose employment an Employer is required to make contributions into the Trust Fund.

(b)  An officer or employee of the Union who shall have been proposed for benefits under the Trust Fund by the Union and who shall have been accepted by the Trustees and for whom the Union agrees in writing to contribute to the Trust Fund at the rate fixed for contributions for other Employers.

(c)  An employee of an Employer, as defined in subsection (d) of Section 1.1, on whose behalf such Employer is required to make payments or contributions to the Trust Fund as provided in subsection (d) of Section 1.1 and at a rate fixed for contributions for other Employers.

(d)  Employees, if any, of this Trust Fund who are not employed by an Employer as defined in Section 1.1, but as shall be proposed and accepted for such benefits by the Trustees.  As to such

5

personnel as are employees of the Trust Fund, the Trustees shall be deemed to be an Employer within the meaning of this Trust Agreement and shall provide benefits for said Employees out of said Trust Fund, on the same basis as for other Employees.

(e)   A person, represented by or under the jurisdiction of the Union, who shall be employed by the governmental unit or agency, and on whose behalf payment of contributions shall be made at the times and at the rate of payment equal to that paid by an Employer, defined in Section 1.1 of this Article, in accordance with a written agreement, ordinance or resolution, or a person who had been so employed and who is temporarily making self-payments under rules established by the Trustees.

Section 1.4   Participant.   The term "Participant" as used herein shall mean any Employee or former Employee of an Employer who is or may become eligible to receive a benefit of any type from this Fund or whose Beneficiaries may be eligible to receive any such benefit.

Section 1.5   Beneficiary.   The term "Beneficiary" as used herein shall mean a person designated by a Participant or by the terms of the plan of benefits established pursuant to this Trust Agreement (such as a dependent or member of the family of a Participant) who is or may become entitled to a benefit thereunder.

Section 1.6   Trustees.   The term "Trustees" as used herein shall mean the Trustees designated in this Trust Agreement, together with their successors designated and appointed in accordance with the terms of this Trust Agreement.   The Trustees, collectively, shall be

6

the Administrator" of this Fund as that term is used in the Act.

Section 1.7   Trust Fund.   "Trust", "Trust Fund" and "Fund" as used herein shall mean the entire trust estate of the Teamsters & Employers Welfare Trust of Illinois, as it may, from time to time, be constituted, including, but not limited to policies of insurance, investments, and the income from any and all investments, Employers' contributions and any and all other assets, property or money received by or held by the Trustees for the uses and purposes of this Trust.

Section 1.8   Trust Agreement.   The terms "Agreement and Declaration of Trust" or "Trust Agreement" as used herein shall mean this instrument, including all amendments and modifications as may from time to time be made.

Section 1.9   Act.   The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974, any amendments as may from time to time be made and any regulations promulgated pursuant to the provisions of the said Act.

## ARTICLE II

### CREATION AND PURPOSES OF FUND

Section 2.1  The Trust Fund is created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund, for the purpose of providing health and welfare benefits as now are, or hereafter may be, authorized or permitted by law for Participants and their Beneficiaries and in accordance with the provisions herein set forth.

8

## ARTICLE III

### BOARD OF TRUSTEES

Section 3.1  Powers and Duties.  The power, authority and duty to manage, maintain and control this Trust and the assets thereof, as well as to formulate and administer its Employee benefit plan or plans thereunder, shall be vested in a Board of Trustees (sometimes collectively called the "Trustees" herein), which Board of Trustees shall also constitute the "Administrator", the "Plan Sponsor", and the "Named Fiduciaries" of this trust and of the employee benefit plan or plans established and maintained under the authority of this trust agreement.  In addition they shall constitute the "trustees" of the assets of this trust and of its plans, as required or permitted by Section 403 of ERISA.

Section 3.2  Number, Appointment, Term.  The Board of Trustees shall consist of six (6) Trustees.  There shall be three Trustees designated as the Union Trustees and three designated as the Employer Trustees.  Locals 279, 525 and 627 shall each designate and appoint one Union Trustee.  Each group of employers having bargaining agreements with Locals 279, 525 and 627 respectively (and who have executed this trust agreement and not waived their right to participate in the vote) shall, collectively and by majority vote within each said group, appoint and designate an Employer Trustee. If either group fails to so appoint within a reasonable period of time, the remaining Trustees on whose side a vacancy exists collectively, may so appoint a Trustee without regard to any limitation.  Thereafter, if the remaining Trustees cannot agree among

9

themselves, then and in that event, the Trustees collectively, by majority vote, may so appoint a Trustee without regard to any limitation.

   Section 3.3  Resignation and Removal.  Each present Trustee shall continue to serve until his death, resignation or removal from office.  Any Trustee may resign at any time by giving written notice of such resignation to the other Trustees.  Each Union shall have the right at all times to remove or replace its appointed Union Trustee; in the event of such removal, death or resignation of any Union Trustee, the Union which appointed him shall have the right to designate a successor thereto.  A majority of employers in a particular employer group shall have the right at all times to remove or replace their appointed employer Trustee;  in the event of such removal or in the event of death or resignation of any Employer Trustee, a majority of employers in a particular employer group shall have the right to designate a successor thereto in the manner for appointment set out above.  In the event any employer group entitled to appoint said successor Trustee advises the remaining trustees that it is unable to secure any person or persons willing to act as such Employer Trustee, then within fifteen (15) days after receipt of such notice the United States District Court for the Central District of Illinois, shall be empowered to appoint such trustee from contributing Employers of the particular employer group to fill such vacancy to represent Employers.  No vacancy or vacancies in the office of trustee shall impair the power of the remaining trustees, as hereinbefore or hereinafter provided, in administering the affairs

10

of the trust, pending the filling of any vacancy or vacancies.

Section 3.4  Successor Trustees, Appointment.  If any
Employer Trustee shall die, become incapable of acting hereunder,
resign, or be removed, a Successor Employer Trustee shall be
immediately appointed by the employer group in the same manner.

Section 3.5  Successor Trustee, Assumption of Office.  Any
Successor Trustee shall immediately upon his appointment as a
Successor Trustee and his acceptance of the Trusteeship in writing,
as provided in Section 3.5, become vested with all the property
rights, powers and duties of a trustee hereunder with like effect as
if originally named a Trustee without the necessity of any formal
conveyance or other instrument of title.

Section 3.6  Acceptance of the Trust by Trustees.  A Trustee
shall execute a written acceptance in a form satisfactory to the
Trustees and consistent with the Act and thereby shall be deemed to
have accepted the Trust created and established by this Trust
Agreement and to have consented to act as Trustee and to have agreed
to administer the Trust Fund as provided herein.  Such written
acceptance shall be filed with the Fund's Administrative Manager who
shall notify the remaining Trustees of the receipt of such
acceptance.

Section 3.7  Limitation of Liability of Trustees.  No Trustee
shall be liable or responsible for his own acts or for any acts or
defaults of any other fiduciary or party in interest or any other
person except in accordance with applicable federal law.

Section 3.8  Office of the Fund.  The principal office of the

11

Trust Fund shall, so long as such location is feasible, be located and maintained at the location of the Administrator of the Fund.  The location of the principal office shall be made known to the parties interested in the Trust Fund.  At such office, and at such other places as may be required by law, there shall be maintained the books and records pertaining to the Trust Fund and its administration.

Section 3.9  Officers.  During the month of July of each year, the Trustees shall elect from among themselves a Chairman, a Vice-Chairman, and a Secretary-Treasurer to serve for a term of one (1) year commencing August 1 of such year, or until his or their successors have been elected.  When the Chairman and Vice-Chairman is elected from the Employer Trustees, then the Secretary-Treasurer shall be elected from the Employee Trustees; and when the Chairman and Vice-Chairman shall be elected from the Employee Trustees, then the Secretary-Treasurer shall be elected from the Employer Trustees. The chairmanship shall alternate, insofar as practicable or desirable, between the Employer Trustees and the Employee Trustees. The Secretary-Treasurer, or such other person as the Trustees may designate, shall keep minutes and records of all meetings, proceedings and acts of the Trustees and shall, with reasonable promptness, send copies of such minutes and records to all Trustees. The Chairman, and in his absence the Vice-Chairman, shall preside at all meetings of the Trustees.

Section 3.10  Power to Act in Case of Vacancy.  No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by this Trust

Agreement, to administer the affairs of the Trust Fund
notwithstanding the existence of such vacancy or vacancies.

Section 3.11  Meetings; Notices.  The Trustees shall meet at
least once each three months and at such other times as they deem it
necessary to transact their business.  Meetings shall take place only
in the continental United States where any participants or
beneficiaries are domiciled or where Fund investments are located.
The Chairman or the Secretary-Treasurer of the Board of Trustees may,
and upon the written request of any two (2) Trustees shall, call a
meeting of the Trustees at any time by giving at least five (5) days'
written notice of the time and place thereof to the remaining
Trustees.  A meeting of the Trustees may be held at any time without
notice if all the Trustees consent thereto in writing.  Additionally,
it is permissable to hold meetings in conjunction with International
Foundation for Employee Benefit Plan meetings, wherever located.

Section 3.12  Attendance at Meetings; Minutes.  All official
meetings of the Trustees shall be attended only by the trustees and
shall not be open to the public, except that there may attend such
other persons as may be designated by the Trustees or when invited so
to do, and as may be otherwise required by law.  Written minutes, a
copy of which shall be furnished with reasonable promptness to each
Trustee, shall be kept of all business transacted and of all matters
upon which voting shall have occurred and the vote of each Trustee
shall be recorded.  Such minutes shall be approved by the signature
of an Employer Trustee and of an Employee Trustee.

Section 3.13  Quorum; Voting; Action without Meeting.

13

(a)  Two Employer Trustees and two Employee Trustees present in person at a meeting of the Board of Trustees shall constitute a quorum for the transaction of business.  If at any meeting the number of Employer and Employee Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees.  In the event there shall be present at any meeting less than all of the Trustees of a group and such Trustees shall be unable to agree as to the manner in which the vote of the absent Trustee shall be cast, then action on the matter under consideration shall be postponed until all Trustees of the group shall be present.

(b)  A quorum of a committee of the Board of Trustees, established in accordance with Section 5.7 of this Trust Agreement or otherwise, shall be a majority of the members of the committee, except as may be provided otherwise in the by-laws or by law.

(c)  Any action taken by the Trustees, except as herein otherwise provided, shall be by affirmative vote of a majority of the votes cast at a meeting.  The Trustees must cast their votes in person, except as provided in subsection (a) of Section 3.12.

(d)  Action by the trustees on any proposition may also be taken without a meeting if all of the Trustees agree thereon in writing.

Section 3.14  Manner of Action in the Event of Deadlock.

(a)  A deadlock shall be deemed to exist whenever a proposal, nomination, motion or resolution made or proposed by any one of the Trustees is not adopted or rejected by a majority vote and

14

the maker of the proposal, nomination, motion or resolution notifies the remaining Trustees in writing that a deadlock exists.

(b)  In the event of such deadlock arising, the Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question.  In the event of the inability of the Trustees to agree upon the selection of such impartial umpire within a reasonable time, then, on the petition of either group of Trustees, the senior judge on duty of the District Court of the United States for the Central District of Illinois shall appoint such impartial umpire.  Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the parties.  The reasonable compensation of such umpire and the costs and expenses (including, without limitation, attorneys' and reporter fees) incidental to any proceedings instituted to break a deadlock shall be paid by the Trust Fund.

(c)  Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within a reasonable time fixed by the Trustees.  The scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Trust Agreement and to the provisions of the rules, regulations and by-laws adopted by the trustees and to the plan of benefits established by them.  The impartial umpire shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or to decide any issue arising under or

15

involving the interpretation of any collective bargaining agreements between the Union and other Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

Section 3.15  Removal of Trustee (Violation of Act).  The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of the Act.  The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3.3 of this Article.

16

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1  Employer Contributions.

(a)  Each Employer shall make prompt contributions or
payments to the Trust Fund in such amount and under the terms as are
provided for in the applicable collective bargaining agreement in
effect from time to time between the Employer or his bargaining
representative and the Union.  An Employer may also be required to
make contributions in such amount and under such terms as such
Employer may be obligated, in writing, to make, provided that such
contributions shall be subject to acceptance by the Trustees.  The
Employer agrees that such contributions shall constitute an absolute
obligation to the Trust Fund, and such obligation shall not be
subject to set-off or counterclaim which the Employer may have for
any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the
Trustees or to such depository as the trustees shall designate, only
by check, bank draft, money order or other recognized written method
of transmitting money or its equivalent, made payable to the order of
the Trustees of the Teamsters & Employers Welfare Trust of Illinois.
The payment of contributions shall be made periodically at such times
as the Trustees shall specify by rules and regulations or as may be
provided in the applicable collective bargaining agreement.

(c)  Each Employer shall be responsible only for the
contributions payable by him on account of Employees covered by him,
except as may be otherwise provided by law.  The Employer group shall

17

not be responsible for the contributions, payment or other obligations of any other Employer, or otherwise.

(d) <u>Work Outside Jurisdiction</u>.  In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 4.2  <u>Employee Contributions</u>.  Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees, consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.  Nothing herein shall be construed to abridge the rights of those eligible to receive benefits pursuant to exercise of rights under Consolidated Omnibus Budget Reduction Act and, when in conflict, the most

18

favorable determination to the participant or beneficiary shall
apply.

Section 4.3  Receipt of Payment and Other Property of Trust.
The Trustees or such other person or entity designated or appointed
by the Trustees in accordance with Section 5.3 of Article V are
hereby designated as the persons to receive the payments heretofore
or hereafter made to the Trust Fund by the Employers and Employees.
The Trustees are hereby vested with all right, title and interest in
and to such moneys and all interest which may be accrued thereon, and
are authorized to receive and be paid the same.

Section 4.4  Late Payments.  The Trustees may require the
payment by Employers of liquidated damages at the rate of ten percent
(10%) of the balance due or as provided in the applicable collective
bargaining agreement or provided in a schedule established by the
Trustees and of other costs and expenses (such as without limitation,
attorneys' fees, filing fees and cost of service of papers and all
audit costs incurred by the Trustees and arising out of the
collection of such Employer's delinquent contributions.  Non-payment,
by any Employer, of any contribution or other moneys owed to the Fund
shall not relieve any other Employer from his or its obligation to
make required payments to the Trust Fund.  In the event a conflict
arises between the Trust Agreement and the Collective Bargaining
Agreement with respect to liquidated damages, the Collective
Bargaining Agreement shall apply.

Section 4.5  Collection and Enforcement of Payments.  The
Trustees, or such committee of the Trustees as the Board of Trustees

19

shall appoint, or the Administrative Manager if one has been
appointed and when directed by such committee or by the Board of
Trustees, shall have the power to demand, collect and receive
Employer payments and all other money and property to which the
Trustees may be entitled, and shall hold the same until applied to
the purposes provided in this Trust Agreement.  They shall take such
steps, including the institution and prosecution of, or the
intervention in, such legal or administrative proceedings as the
Trustees in their sole discretion determine to be in the best
interest of the Trust Fund for the purpose of collecting such
payments, money and property, without prejudice, however, to the
rights of the Union to take whatever steps it deems necessary and
wishes to undertake for such purpose.

The Trustees may employ attorneys, accountants and other
professionals to conduct audits of the pertinent employment and
payroll records of each employer, and the employer shall be liable to
pay the professional fees and costs of suit and audit and all other
costs incurred by the Trustees in pursuing delinquent contributions.
Such other costs may include but are not limited to filing fees and
service of process.  Non-payment by any employer of any contribution
or other monies owed to the Fund shall not relieve any other employer
from his or its obligation to make required payments to the Trust
Fund.

Section 4.6  Production of Records.  Each Employer shall
promptly furnish to the trustees, on demand, the names of his
Employees, their Social Security numbers, the hours worked by each

20

Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose.  The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance.  The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.  If such examination discloses that the employer has not been making its full payment as agreed, the costs of such examination shall be paid by such employer.  (See also Section 4.4).

Section 4.7  <u>Conduct of Trust Business</u>.  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the Teamsters & Employers Welfare Trust of Illinois, which instruments shall be signed by at least one Employer and one Employee Trustee, with the exception of benefit claim checks which any two (2) of the four (4) Trustees may execute; provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

21

Section 4.8  Interest.  Interest, in the discretion of the Trustees, and when appropriate, may be charged on delinquent contributions.  It is contemplated that absent good cause shown, interest will be deemed to be appropriate.  Interest shall be charged at the rate of nine percent (9%) per annum for the balance due to the Fund.

22

ARTICLE V

<u>USE OF FUND</u>

<u>Section 5.1</u>  The Trustees shall have the power and authority
to use and apply the Trust Fund for the following purposes:

(a)  To pay or provide for the payment of all reasonable
and necessary expenses (i) of collecting the Employer contributions
and payments and other moneys and property to which they may be
entitled and (ii) of administering the affairs of this Trust,
including the employment of such administrative, legal, expert and
clerical assistance, the purchase or lease of such premises,
materials, supplies and equipment and the performance of such other
acts, as the Trustees, in their sole discretion, find necessary or
appropriate in the performance of their duties

(b)  To provide health and welfare and related benefits
to eligible Participants and Beneficiaries in accordance with a plan
of benefits provided through policies of insurance or other health
programs and facilities in accordance with Section 5.2 of this
Article or established and administered as provided in subsection (e)
of this Section.  Such health and welfare and related benefits shall
be limited to those which can be financed from the Trust Fund after
payment of authorized and accrued expenses.

(c)  To establish and accumulate such reserve funds as
the Trustees, in their sole discretion, deem necessary and desirable
for the proper execution of the Trust herein created.

(d)  To pay all other proper and necessary expenses
incurred by any Trustee not specified above, including the cost of

23

defense in litigation arising out of the Trusteeship of this Trust
Fund, to the extent permitted by law.

(e)   The Trustees may, by a unanimous vote, provide for
a plan of payment of authorized benefits out of the Trust Fund
itself, provided, however, that such payments can be legally made and
that the same are in full compliance with all statutory and legal
requirements.

(f)   To pay or provide for the payment of premiums on
the contracts or policies of insurance mentioned in Section 5.2
hereof, which contracts or policies of insurance may be contracted
for in the name of and issued to the Trustees, or to the Trust Fund,
as they may determine.

Section 5.2   Procurement of Insurance.  The Trustees are
expressly authorized to negotiate for, obtain and maintain policies
of group life, group accident, group health and group disability
insurance (including group hospital, medical and surgical insurance),
or such other insurance coverage as may be determined by the
Trustees, for the payment to eligible Participants and Beneficiaries,
by an insurance company or companies licensed to transact business in
the State of Illinois of such benefits as now or hereafter may be
authorized or permitted by law and as the Trustees may, from time to
time, determine.  Such policies of insurance shall be in such forms
and in such amounts and may contain such provisions and be subject to
such limitations and conditions as the Trustees, in their sole
discretion, may from time to time determine and shall cover such
Participants and Beneficiaries as the Trustees, pursuant to the

24

provisions hereof, shall from time to time determine eligible for
benefits as herein provided.  The Trustees may exercise all rights
and privileges granted to the policyholder by the provisions of each
contract or policy of insurance, and may agree with the insurance
carrier to any alteration, modification or amendment of such contract
or policy, and may take any action respecting each such contract or
policy, and the insurance provided thereunder, which they, in their
sole discretion, may deem necessary or advisable and such insurance
carrier shall not be required to inquire into the authority of the
Trustees with regard to any dealings in connection with such contract
or policy.  The Trustees are expressly authorized, by unanimous vote,
to establish and maintain a plan or plans to provide any and all of
the health and welfare benefits, as the Trustees in their sole
discretion may determine, directly out of the Trust Fund in
accordance and upon compliance with Section 5.1(e) of this Article,
in lieu of, or in combination with, coverage provided by an insurance
carrier or carriers.

      Section 5.3  Investments

      (a)  The Trustees shall have the power and authority, in
their sole discretion, to invest and reinvest such funds as are not
necessary for current expenditures or liquid reserves, as they may
from time to time determine, in such investments as are legal
investments under applicable State and Federal law relating to the
investments of the employee welfare trust funds, not limited,
however, by any limitation restricting investments in common stocks
to a percentage of the Fund or to a percentage of the total market

25

value of the Fund.  The Trustees may sell, exchange or otherwise dispose of such investments at any time and, from time to time, as provided in Section 5.9(f).  The Trustees shall also have power and authority (in addition to, and not in limitation of, common law and statutory authority) to invest in any stocks, bonds or other property, real or personal, including improved or unimproved real estate and equity interests in real estate, where such an investment appears to the Trustees, in their discretion and consistent with their fiduciary obligations, to be in the best interest of the Trust Fund and its Participants and Beneficiaries, judged by then prevailing business conditions and standards.  The Trustees shall have the authority, in respect to any stocks, bonds or other property, real or personal, held by them as Trustees, to exercise all such rights, power and privileges as might be lawfully exercised by any person owning similar stocks, bonds or other property in his own right.

    (b)   <u>Delegation and Allocation of Investment Functions</u>.

    (1)  The Trustees are authorized, in their discretion, by resolution, to allocate to the Finance Committee such duties and responsibilities to invest and reinvest such Fund assets as they shall specify in such allocation in accordance with Section 5.6(f).

    (2)  The Trustees shall have the power and authority to appoint one or more investment managers (as defined in Section 3(38) of the Act) who shall be responsible for the management, acquisition, disposition, investing and reinvesting of such of the assets of the Trust Fund as the Trustees shall specify.  Any such appointment may

be terminated by the Trustees upon thirty (30) days' written notice. The fees of such investment manager, and its expenses to the extent permitted by law, shall be paid out of the Trust Fund.

(3)   In connection with any allocation or delegation of investment functions under paragraphs (1) and (2) of this subsection (b), the Trustees shall, from time to time, adopt appropriate investment policies or guidelines.

Section 5.4   Deposits and Disbursements.  All Trust Funds not invested shall be deposited by the Trustees in such depository or depositories as the Trustees shall from time to time select, and any such deposit or deposits, or disbursements therefrom, shall be made in the name of the Trust in the manner designated by the Trustees and upon the signature(s) of persons designated and authorized by the Trustees or by the Investment Manager appointed in accordance with Section 5.3(b)(2) of this Article.

Section 5.5   Allocation and Delegation of Fiduciary Responsibilities.

The Trustees may, by resolution or by-law or by provisions of this Trust Agreement, allocate fiduciary responsibilities and various administrative duties to committees or subcommittees of the Board of Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act.

Section 5.6   Committees of the Board of Trustees.

(a)   The standing committees of the Board of Trustees may consist of an Executive Committee, an Eligibility Committee, a

Finance Committee, an Employer Accounts Committee, and such other standing committees as the Trustees may wish to create by by-law or resolution.

(b)  <u>Appointment of Committee Members</u>.  Each committee shall consist of an equal number of Employer and Employee Trustees. A quorum of a committee shall be as provided in Section 3.12(b).  If the Employee Trustee group and/or the Employer Trustee group, respectively, nominate a Trustee or their group and/or the Employer Trustee group, respectively, nominate a Trustee or their group for membership on any committee, the Chairman shall appoint such nominee in filling any vacancy.  Appointment as a member of any committee shall be communicated to the appointee by the Administrative Manager in writing.  Any resignation of a trustee as a committee member shall be submitted, in writing, to the Administrative Manager who shall promptly notify the Executive Committee thereof.

(c)  <u>Removal of Committee Members</u>.  Any appointed member of any committee may be removed from membership in such committee by the group of Trustees appointing him at any time for any reason.

(d)  <u>Executive Committee</u>.  The Trustees may appoint an Executive Committee which shall supervise the operation of the Trust Fund between meetings of the Board of Trustees.  The Executive Committee shall formulate general or specific policies of submission to and consideration by the Board of Trustees.  It shall advise the officers in matters of policy and administration not inconsistent with the Trust Agreement or with any policy or decision heretofore adopted or made by the Board of Trustees.  Pending the convening of a

28

meeting of the Board of Trustees, it shall decide and pass upon
matters requiring immediate action, subject to ratification at the
next meeting of the Board of Trustees to whom a report shall be made
of any such immediate action, as well as of its recommendations.   The
Executive Committee shall also perform such other functions, duties
and responsibilities as may be delegated or assigned to it by the
Board of Trustees under the Trust Agreement and applicable laws, or
as may be allocated to it pursuant to Sections 5.3(b) and 5.5 of this
Article; any actions taken or duties performed under such allocation
shall not be subject to ratification by the full Board of Trustees,
unless such allocation expressly provides otherwise.

(e)   Eligibility Committee.   The Trustees may appoint an
Eligibility Committee which shall, in conjunction with the
Administrative Manager, formulate rules and procedures for the
processing of applications for, and the determination and payment of,
benefits and make appropriate reports and recommendations in regard
to the same to the Trustees.   The Eligibility Committee shall review
all applications for benefits with regard to eligibility and amount
thereof and make appropriate determinations with respect thereto.   As
to any applicant for benefits whose claim for benefits has been
denied by the Eligibility Committee, the Committee shall give such
applicant adequate notice in writing thereof and, further, shall
afford such applicant a reasonable opportunity for a fair review of
its decision denying the claim for benefits.

(f)   Finance Committee.   The Finance Committee shall review
the investment policies of the Trustees and the activities of any

29

investment managers which may have been appointed by the Trustees. It shall make appropriate recommendations to the full Board of Trustees on any matter entrusted to it.  With respect to assets of the Trust Fund which the Trustees have not specified to be managed by an investment manager appointed pursuant to Section 5.3(b)(2) of this Article, and subject to such limitations and requirements as may be contained in this Trust Agreement or in the Act, the Trustees may allocate to the Finance committee the authority to authorize and approve the investment of Trust Fund assets in investments permitted under Section 5.3(a), subject to pertinent investment policies and guidelines adopted by the Board of Trustees.

(g)  Employer Accounts Committee.  The Employer Accounts Committee shall formulate policies and procedures in regard to the collection of delinquent payments and contributions due the Fund.  It shall collaborate with the administrator and with counsel in the administration of such policies and procedures and make appropriate reports and recommendations to the Trustees.  The Trustees may allocate to the Employer Accounts Committee authority to initiate legal actions to collect any delinquent employer contributions or other obligations owed to the Trust Fund.

Section 5.7  Administrative Manager.  The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Administrative Manager", who shall, under the direction of any appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical

30

services, provide for the coordination of actuarial services .
furnished by the consulting actuary, prepare (in cooperation where
appropriate with the consulting actuary and independent auditor) all
reports and other documents to be prepared, filed or disseminated by
or on behalf of the Trust in accordance with law, assist in the
collection of contributions required to be paid to the Trust Fund by
Employers and perform such other duties and furnish such other
services as may be assigned, delegated or directed or as may be
contracted by or on behalf of the Trustees.  The Administrative
Manager shall be the custodian on behalf of the Trustees of all
documents and other records of the Trustees and of the Trust Fund.

Section 5.8  By-Laws, Rules and Regulations.

(a)  The Trustees are hereby empowered and authorized to
adopt by-laws and to promulgate any and all necessary rules and
regulations which they deem necessary or desirable to facilitate the
proper administration of the Trust Fund, provided the same are not
inconsistent with the terms of this Trust Agreement.  All by-laws,
rules and regulations adopted by action of the Trustees shall be
binding upon all parties hereto, all parties dealing with the Trust
Fund and all persons claiming any benefits hereunder.

(b)  The Trustees shall, by the affirmative vote of at
least two (2) Employer Trustees and two (2) Employee Trustees, adopt
by-laws, rules or regulations in respect to eligibility of
Participants and Beneficiaries for the benefits herein provided,
which by-laws, rules or regulations may, by the above-specified vote,
be changed and modified from time to time in such manner and to such

31

extent as the Trustees may deem expedient and necessary in the proper administration of the Trust Fund.

(c)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Section 3.13 of this Agreement, shall in any manner conflict or be inconsistent (1) with any provision of the applicable current collective bargaining agreement in effect, or which may be made, between the Employer group and the Union, (2) with this Trust Agreement and (3) with any applicable Federal, State or local law.

Section 5.9  Additional Authority.  The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law,

(a)  to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

(b)  to keep property and securities registered in names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)  to establish and accumulate as part of the Trust Fund such reasonable reserve funds as the trustees, in their sole discretion, deem necessary or desirable to carry out the purposes of such Trust Fund;

32

(d)   to pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money, property, or securities forming a part thereof;

(e)   to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary or proper for the protection of the property held hereunder; and

(f)   to sell, exchange, lease, convey, mortgage or dispose of any property, whether real or personal, at any time forming a part of the Trust Fund upon such terms as they may deem proper, and to execute and deliver any and all instruments of conveyance, lease, mortgage and transfer in connection therewith.

Section 5.10   Bonds.  The Trustees shall obtain from an authorized surety company such bonds as may be required by law, covering such persons and in such amounts (but not less than required by law) as the Trustees, in their discretion, may determine.  The cost of premiums for such bonds shall be paid out of the Trust Fund.

Section 5.11   Insurance.  The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund (1) with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide

33

recourse by the insurer against Trustees as may be required by law and (2) with respect to injuries received or property damage suffered by them.  The cost of the premiums for such policies of insurance shall be paid out of the Trust Fund.

Section 5.12  Information to Participants and Beneficiaries. The Trustees shall provide Participants and Beneficiaries such information as may be required by law.

Section 5.13  Accountants and Actuaries.  The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as may be required by applicable law and such other services and the Trustees may deem necessary.

Section 5.14  Trustees to Act without Compensation.  The Trustees shall act in such capacity without compensation, unless permitted by law, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.  The Trustees are encouraged to attend International Foundation seminars to further their Trustee education which the Trustees believe inures to the benefit of the participants.

Section 5.15  Reports.  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing,

34

or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

Section 5.16  Records of Trustee Transactions.  The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant.  A copy of each audit report shall be furnished both to the Employer group and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Employer group and the Union.

Section 5.17  Construction and Determination by Trustees. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder.  Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the Beneficiaries hereof.  No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Employer group and the

35

Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreements.

It is the intent of the drafters of this Trust document that the Trustees possess the discretion to determine eligibility for benefits and to construe the terms of the Trust and/or plan governing benefits. It is also the intent of the drafters of this Trust, by adopting the discretionary power specified above, that the decisions of the Trustees as to the granting or denial of benefits and the construing of terms of the Trust and benefit plan, are reviewed pursuant to an "arbitrary and capricious" standard by a reviewing court, as enunciated by the United States Supreme Court in <u>Firestone Tire and Rubber Company et al. v. Richard Bruch, 57 LW 4194 (Feb. 21, 1989)</u>.

Section 5.18  <u>Liability</u>.  The Fund, which exists solely and exclusively for the purpose of providing health and welfare and related benefits to participants and beneficiaries and dependents who qualify for benefits pursuant to the terms thereunder. Such related benefits includes retiree benefits. Retiree benefits have been made available by the Trustees as a privilege, not a right. No person acquires a vested right to such benefits either before or after his or her retirement. The Trustees may expand, reduce or cancel coverage for retirees. The Trustees may change eligibility requirements or the amount of contributions. The Trustees may otherwise exercise their prudent discretion at any time without legal right or recourse by a retiree or any other person.

36

The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts, and to be signed by the proper person.

Section 5.19  Reliance on Written Instruments.  Any Trustee to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

Section 5.20  Reliance by Others.  No party dealing with the Trustees shall be obligated (a) to see the application tot he stated Trust purposes, of any funds or property of the Trust Fund or (b) to see that the terms of this Trust Agreement have been complied with or (c) to inquire into the necessity or expediency of any act of the trustees.  Every instrument executed by the trustees shall be conclusive evidence in favor of every person relying thereon (a) that at the time of the execution of said instrument, the Trust was in full force and effect, (b) that the instrument was executed in accordance with the terms and conditions of this Trust Agreement, and (c) that the Trustees were duly authorized and empowered to execute the instrument.

Section 5.21  Discharge of Liability.  The receipt by the Trustees for any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the

person or persons paying or transferring the same.

Section 5.22  Multiple Benefit Schedules.  The Trustees shall
be authorized to accept contributions at more than one rate and they
shall provide different schedules of benefits appropriate for each
such rate of contribution.  However, it is the intention of the
parties hereto that contributing Employers hereto shall, to the
extent feasible, negotiate identical hourly contribution rates.
Further, the Trustees shall be authorized to establish more than one
schedule of benefits for the same hourly contribution rate.  The
Trustees, further, shall accept contributions at the rates negotiated
by the Union with any Employer, or with any additional Employer group
for a particular bargaining unit and the Employees represented by the
Union or Additional Union in such bargaining unit shall be provided
with a schedule of benefits appropriate for the rate of contribution
so negotiated and paid into the Fund on their behalf.

38

ARTICLE VI

<u>CONTROVERSIES AND DISPUTES</u>

Section 6.1  <u>Reliance on Records</u>.  In any controversy, claim,
demand, suit at law or other proceeding between any Participant,
Beneficiary or any other person and the Trustees, the trustees shall
be entitled to rely upon any facts appearing in the records of the
Trustees, any instruments on file with the Trustees, with the Union
or with the Employers, any facts certified to the Trustees by the
Union or the Employers, any facts which are of public record and any
other evidence pertinent to the issue involved.

Section 6.2  <u>Submission to Trustees</u>.  All questions or
controversies of whatsoever character, arising in any manner or
between any parties or persons in connection with the Trust Fund or
the operation thereof, whether as to any claim for any benefits
preferred by any Participant, Beneficiary or any other person, or
whether as to the construction of the language or meaning of the by-
laws, rules and regulations adopted by the Trustees or this
instrument, or as to any writing, decision, instrument or accounts in
connection with the operation of the Trust Fund or otherwise, shall
be submitted to the Trustees or, in the case of questions related to
claims for benefits, to an Appeals or Review Committee, if one has
been appointed, and the decision of the Trustees or Appeals or Review
Committee shall be binding upon all persons dealing with the Trust
Fund or claiming benefits thereunder.

Section 6.3  <u>Settling Disputes</u>.  The Trustees may in their
sole discretion compromise or settle any claim or controversy in such

39

manner as they think best, and any majority decision made by the
Trustees in compromise or settlement of a claim or controversy, or
any compromise or settlement agreement entered into by the Trustees,
shall be conclusive and binding on all parties interested in this
Trust.

ARTICLE VII

BENEFICIAL RIGHTS

Section 7.1  No Rights, Title or Interest of Employers and
Union.  No Employer or Union, or Employees, or Participants and their
Beneficiaries shall have any right, title or interest in or to the
Trust Fund or any part thereof.

Section 7.2  Limitations upon Beneficial Rights of Employees.
No Employee, Participant or any Beneficiary of a Participant shall
have any right, title or interest in or to the Trust Fund or any part
thereof, provided however, that any Participant who shall be covered
by an insurance plan, or his Beneficiaries under such plan, shall be
entitled to the benefits in the forms and amounts and subject to the
terms and conditions of such insurance plan and of this Trust;
provided, further, however, that the benefits shall be free from the
interference and control of any creditor, and no benefits shall be
subject to any assignment or other anticipation, nor subject to
seizure or sale under any legal, equitable or any other process, and
in the event that any claim or benefit shall, because of any debt
incurred by or resulting from any other claim or liability against
any Participant or Beneficiary, or by reason of any seizure or sale
or attempted sale under any legal, equitable or other process, or in
any suit or proceeding, become payable, or be liable to become
payable, to any person other than the Participant or Beneficiary for
whom the same is intended, as provided herein, pursuant hereto, the
Trustees shall have power to withhold payment of such benefit to such
Participant or Beneficiary until such assignment, transfer,

41

encumbrance, anticipation or other disposition, writ or legal process is cancelled or withdrawn in such manner as shall be satisfactory to the Trustees.  Until so cancelled or withdrawn, the Trustees shall have the right to use and apply the benefits, as the Trustees may deem best, directly for the support and maintenance of such Participant or Beneficiary.  Notwithstanding any provisions contained in this Section to the contrary, any Participant or Beneficiary may assign, hospital, surgical and medical benefits to any hospital or physician rendering services to the Participant or Beneficiary.

Section 7.3  Optional Benefits Prohibited.  No Employee or Participant shall have the right, privilege or option to receive, instead of the benefits provided hereunder, (a) any part of the contributions payable by Employers under this Trust Agreement; (b) a cash consideration either upon termination of the plan of benefits provided hereunder or upon such Employee's or Participant's withdrawal from coverage under this Fund, either voluntarily or through severance of employment with any particular Employer; or (c) the cash surrender value of any policy of insurance in lieu of the benefits provided in said policy.

ARTICLE VIII

TERMINATION OF TRUST

Section 8.1  Conditions of Termination.  This Trust Agreement shall cease and terminate upon the happening of any one of the following events.

(a)  In the event the Trust Fund shall, in the opinion of the Trustees, be inadequate to carry out the intent and purpose of this Trust Agreement, or be inadequate to meet the payments due or to become due under this Trust Agreement;

(b)  In the event of termination by action of the Union and the Employer group;

(c)  In the event of termination as may be otherwise provided by law.

Section 8.2  Procedures in Event of Termination.  In the event of termination, the Trustees shall

(a)  make provision out of the Trust Fund for the payment of expenses incurred up to the date of termination of the Trust and the expenses incidental to such termination;

(b)  arrange for a final audit and report of their transactions and accounts, for the purpose of termination of their Trusteeship;

(c)  apply the Trust Fund to pay any and all obligations of the Trust and distribute and apply any remaining surplus in such manner as will, in their opinion, best effectuate the purposes of the Trust and the requirements of law;

(d)  give any notices and prepare and file any reports

43

which may be required by law.

ARTICLE IX

MISCELLANEOUS

Section 9.1  Law Applicable.  This Trust is created and
accepted in the State of Illinois and all questions pertaining to the
validity or construction of this Trust Agreement and of the acts and
transactions of the parties hereto shall be determined in accordance
with the laws of the State of Illinois, except as to matters governed
by Federal law.

Section 9.2  Savings Clause.  Should any provision of this
Agreement and Declaration of Trust be held to be unlawful, or
unlawful as to any person or instance, such fact shall not adversely
affect the other provisions herein contained or the application of
said provisions to any other person or instance, unless such
illegality shall make impossible the functioning of this Fund.

Section 9.3  Coverage of Additional Bargaining Units.

(a)  Extension of Coverage.  The Trustees shall have the
power to extend the coverage of this Trust Agreement to additional
employers or associations of employers (herein called "Additional
Employer groups) and their employees represented by labor
organizations other than the Union (herein called "Additional
Unions), subject to the prior approval of the Employer group and the
Union and, further, subject to the conditions stated in subsection
(b) of this Section.  Any one such group of employees represented by
an Additional Union shall be referred to herein as "additional
collective bargaining unit."  Such additional employers, Additional
Employer Groups and Additional Unions shall have no right to

45

participate in the appointment, removal or replacement of Trustees.

    (b)   <u>Termination of Coverage</u>.

    (1)  The Trustees may, by resolution, terminate coverage by and under this Trust Agreement of any such additional collective bargaining unit, effective as of the last day of any calendar month not earlier than four (4) months after the adoption of such resolution, (i) if the Trustees in their sole discretion determine that continued coverage would be a detriment to the Employees, Participants and their Beneficiaries represented by the Union for whose benefit this Trust was originally created, or (ii) if the Trustees determine that contributions are not being made by such additional collective bargaining unit employers timely and in accordance with the requirements of this Trust Agreement.

    (2)  An Additional Union may, on behalf of the employees, Participants and their Beneficiaries, in an additional collective bargaining unit represented by it, terminate coverage by and under this Trust Agreement of any such additional collective bargaining unit, effective as of the last day of any calendar month not earlier than four (4) months after the Additional Union serves written notice of such termination on the Trustees, the Employer group and the Union.

    (3)  Any such termination of coverage shall terminate the eligibility for benefits of all Participants and their Beneficiaries in such additional collective bargaining unit as of the effective date of such termination.  Notwithstanding such termination of coverage, no payments whatsoever shall be made from or out of the

46

Trust Fund to or for the benefit of the employees, Participants and their Beneficiaries of such additional collective bargaining unit or to any other trust fund or other entity created for the purpose of providing health and welfare benefits to the employees of such additional collective bargaining unit and, upon such termination of coverage, the Additional Union representing the employees, Participants and their Beneficiaries of such additional collective bargaining unit, and such employees, Participants and their Beneficiaries themselves, or any person claiming by or through or under any of them, shall have no further right, title or interest in or to the Trust Fund, or any part thereof, excepting, only, that any authorized regular benefits, or the balance thereof, payable to individual Participants and their Beneficiaries under bona fide claims accruing either prior to the effective date of such termination of coverage attributable to eligibility credits or bank of hours accumulated or earned by such Participants and their Beneficiaries prior to such date may continue to be paid after such termination.

Section 9.4  Reciprocity Agreements.  The Trustees may, in their sole discretion, enter into such reciprocity agreement or agreements with other welfare funds as they determine to be in the best interest of the Trust Fund, provided that any such reciprocity agreement or agreements shall not be inconsistent with the terms of this Trust Agreement or the collective bargaining agreements under which this Trust Agreement is maintained.

Section 9.5  Merger.  The Trustees shall have the power to

47

merge with any other fund established for similar purposes as this Trust Fund under the terms and conditions mutually agreeable to the respective Board of Trustees, subject to the approval of the Union and the Employer group.

Section 9.6  Refund of Contributions.  In no event shall any Employer, directly or indirectly, receive any refund on contributions made by them to the Trust except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund.  Upon payment of contributions to the Trustees, all responsibilities of the Employer for each contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obliged to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with.

Section 9.7  Accounting and Judicial Settlements.

(a)  Accounting.  The Union or an Employer may, at any time demand of the Trustees an accounting with respect to any and all accounts, provided that the party demanding such accounting agrees to pay the necessary expenses thereof.

(b)  Judicial Settlements ad Action by Trustees.  The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts and to seek judicial protection by any action or proceeding they determine necessary and, further, to obtain a judicial determination or declaratory judgment as to any question

48

of construction of this Trust Agreement or for instructions as to any
action thereunder and, further, as to any question relating to the
discharge of their duties and obligations under, or in connection
with the administration of, this Trust and as to the distribution of
assets belonging to the Trust.  Any such determination, decision or
judgment shall be binding upon all parties to, or claiming under,
this Trust Agreement.

Section 9.8  Withholding Payment.  In the event any question
or dispute shall arise as to the proper person or persons to whom any
payments shall be made hereunder, the Trustees may withhold such
payment until there shall have been made an adjudication of such
question or dispute which, in the Trustees' sole judgment, is
satisfactory to them, or until the Trustees shall have been fully
protected against loss by means of such indemnification agreement or
bond as they, in their sole judgment, determine to be adequate.

Section 9.9  Gender.  Whenever any words are used in this
Trust Agreement in the masculine gender, they shall also be construed
to include the feminine or neuter gender in all situations where they
would so apply; and whenever any words are used in the singular, they
shall also be construed to include the plural in all situations where
they would so apply; and wherever any words are used in the plural,
they shall also be construed to include the singular.

Section 9.10  Amendment of Trust Agreement.  The provisions
of this Trust Agreement may be amended at any time by an instrument
in writing executed by the Trustees, provided that no amendment shall
(1) divert or provide for the use of the Trust Fund then in the hands

49

of the Trustees from the purpose of this Trust Fund to provide group insurance in the event of death, illness or accident to the Employees, Participants or to their Beneficiaries as hereinabove set forth, or for the payment of such benefits as may be authorized under Sections 5.2 or 5.3 of Article V hereof.  It is further provided that no amendment (a) shall provide for the use or application of the Trust Fund for any purpose other than those set forth in Sections 2.1 and 5.2 hereof; or (b) permit the return to, or payment of the Trust Fund, or any part thereof, to any Employer except a contribution or other payment made by mistake of fact to the extent permitted by law; or (c) so amend this Trust Agreement that there shall not be an equal number of Employer Trustees and of Employee Trustees to administer the Trust.

Section 9.11  Article and Section Titles.  The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Trust Agreement or be construed as part thereof.

Section 9.12  Withdrawal of a Union.  Any of the individual Unions participating herein, Participants and their Beneficiaries represented by it, may withdraw from this Trust Agreement and the Trust therein created, provided that such Union serves written notice of such withdrawal upon each of the Trustees of said Trust, as well as upon the Union and the Employer group, at least four months prior to the effective date of withdrawal.  Contributions shall, until the effective date of such withdrawal, continue to be made to the Trustees herein named by the Employers of the Employees represented

by such withdrawing Union.  Such withdrawal shall terminate the
eligibility for benefits of all Employees, Participants and their
Beneficiaries represented by such withdrawing Union as of the
effective date of such withdrawal.  Notwithstanding such withdrawal,
no payments whatsoever shall be made from or out of the Trust Fund to
or for the benefit of the employees represented by such withdrawing
Union or to any other trust fund or other entity created for the
purpose of providing health and welfare benefits to the employees
represented by such withdrawing Union and, by such withdrawal, the
withdrawing Union and the employees, Participants and their
Beneficiaries, represented by it, or any person claiming by or
through or under any of them, shall have no further right, title or
interest in or to the Trust fund, or any part thereof, excepting,
only, that the balance of any authorized regular benefits payable to
individual Participants and their Beneficiaries under bona fide
claims accruing prior to the effective date of such withdrawal may
continue to be paid after such withdrawal.

IN WITNESS WHEREOF, the Trustees have caused this Restated Agreement and Declaration of Trust to be executed this _14th_ day of ___March___, 1991.

In Presence of:                          EMPLOYER TRUSTEES:

_____          _____

_____          _____

_____          _____


In Presence of:                          EMPLOYEE TRUSTEES:

_____          _____

_____          _____

_____          _____